

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| JOY WAKEFIELD-BRACE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:16-02750-MGL |
| | § | |
| GREENWOOD SCHOOL DISTRICT 50, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Joy Wakefield-Brace (Plaintiff) filed this case as an employment discrimination action. The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant Greenwood School District 50 (Defendant)'s motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on May 25, 2017, Plaintiff filed her objections to the Report on June 8, 2017, and Defendant filed its reply on June 12, 2017. The Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first objects to certain facts presented in the Report. In particular, Plaintiff disagrees with the facts as described regarding Defendant's failure to provide Plaintiff with a key to her classroom and the facts surrounding the Reading Workshop. Plaintiff, however, fails to state a specific objection to the Report in this regard. Rather, Plaintiff objects to the presentation of these facts in a general and conclusory way without identifying a particular objection to the factual recitation. Therefore, the Court will overrule Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's suggestion her race and age discrimination claims be dismissed because she is unable to establish she was meeting Defendant's legitimate expectations. Plaintiff asserts she can demonstrate by a preponderance of the evidence she was meeting Defendant's legitimate expectations at the time of her transfer to the Early Childhood Center (ECC) and the nonrenewal of her employment contract. Further, Plaintiff

insists Defendant neglected to provide any reasonable period of time to address the matters in the SAFE-T Summary. Plaintiff urges Defendant unlawfully treated her disparately on the basis of her race and age and then ousted her for pretextual reasons to replace her with a Caucasian female significantly younger than Plaintiff. The Court is unable to agree.

In this case, the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework is applicable. Under the *McDonnell Douglas* framework, Plaintiff must first establish by a preponderance of the evidence a prima facie case of age or racial discrimination. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). Once she proves her prima facie case, the burden shifts to Defendant to produce a legitimate, nondiscriminatory reason for its actions against Plaintiff. *See id.* at 253. If Defendant meets this burden, Plaintiff must show by a preponderance of the evidence the proffered reason by Defendant was not its true reason but was instead a pretext for discrimination. *See id.*

The Magistrate Judge recommends Plaintiff failed to establish she was meeting Defendant's legitimate expectations and thus is incapable of satisfying the prima facie tests for both her age and race discrimination claims. In Plaintiff's objection, she cites, as she did in her response in opposition to Defendant's motion for summary judgment, her unblemished and successful thirty-year career in the educational field. She also renews her claim Defendant created a paper trail portraying her as an ineffective third grade teacher around the same time Kayla Christley, a younger, Caucasian female who was hired to replace her, expressed an interest in teaching at the school.

Plaintiff again objects to the Report in a conclusory fashion. Nowhere in her objection does she provide a meaningful counter to the Magistrate Judge's careful and well-reasoned

determination she failed to show she was meeting Defendant's legitimate expectations. The record, which the Magistrate Judge unquestionably viewed in the light most favorable to Plaintiff, reveals several instances where Defendant found Plaintiff's performance lacking. Therefore, the Court agrees with the Magistrate Judge's suggestion Plaintiff cannot establish a prima facie case of age or race discrimination. Thus, the Court will overrule this objection, too.

Closely related to this issue is Plaintiff's third objection, wherein she contests the Magistrate Judge's application of the *Proud v. Stone*, 945 F.2d 796 (4th Cir. 1991), same-actor inference. *Proud* states there is a "strong inference . . . that discrimination was not a determining factor" in a discharge decision when (1) the person who hired the plaintiff knew of the plaintiff's protected condition when the hiring decision was made, (2) the person who hired the plaintiff also fires her (3) "within a relatively short time span following the hiring," and (4) the employer advances a legitimate and nondiscriminatory reason for the discharge. *Id.* at 797-98. Plaintiff contends the *Proud* inference is inapplicable to this case because *Proud* is purportedly limited to a six-month time period between the hiring and discharge of an employee. Moreover, Plaintiff states Defendant hired Plaintiff simply as a placeholder until it could oust Plaintiff with allegedly baseless performance allegations to replace her with Ms. Christley. The Court is unpersuaded.

Plaintiff's attack on the Magistrate Judge's reliance on the Proud "strong inference" paradigm goes against only its third and fourth elements: (3) "within a relatively short time span following the hiring," and (4) the employer advances a legitimate and nondiscriminatory reason for the discharge. *Id.* at 797-98. Thus, the Court will limit its discussion to just those two factors.

As to the time factor, the Court notes Plaintiff was hired on August 18, 2014; Principal Amy Hildenbrand recommended Plaintiff's contract not be renewed on January 27, 2015; the

assistant superintendent notified Plaintiff on February 27, 2015, of his recommendation Plaintiff's contract not be renewed; and the superintendent accepted the recommendation on April 27, 2015. The initial source of the adverse actions taken against Plaintiff was Ms. Hildenbrand's recommendation in January, just over five months from Plaintiff's hiring date. Even the latest adverse action taken against Plaintiff occurred just over eight months after her hiring date. *Proud* in no way limits the applicability of the same-actor inference to a six month time span. Rather, the inference is applicable to a "relatively short time span" following the hiring. *Id.* Where, as here, the adverse actions against Plaintiff commenced at the earliest five months and at the latest eight months after Plaintiff's hiring date, the Court holds the *Proud* inference is applicable to this case because these adverse actions occurred within a "relatively short time span" following Plaintiff's hiring.

Concerning the basis Defendant gives for terminating Plaintiff, Defendant has offered a legitimate, nondiscriminatory reason for Plaintiff's discharge: her unsatisfactory job performance. Job performance is well-recognized as a valid, nondiscriminatory basis for an adverse employment decision. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). The Court agrees with the Magistrate Judge Plaintiff has failed to establish Defendant's stated reasons for transferring her to the ECC and declining to renew her contract were a pretext for age or race discrimination. Plaintiff's placeholder argument fails. Hence, the Court will overrule this objection as well.

Finally, Plaintiff objects to the Magistrate Judge's recommendation her defamation claim be dismissed. Plaintiff argues she was defamed by Defendant's written statements to the Department of Education (DOE), Defendant's decision to remove her from teaching third grade,

and verbal statements made by Defendant's representatives after she was removed from her position. Plaintiff consequently maintains her defamation claim should survive summary judgment but alternatively requests the Court remand her defamation claim to state court.

As explained by the Magistrate Judge, Plaintiff admits in her deposition she has no information that Defendant or its representatives published false statements about her. Furthermore, Defendant made a mandated report to the DOE in accordance with South Carolina regulations upon nonrenewal of Plaintiff's contract. And to the extent Plaintiff makes an argument defamation can be inferred by Defendant's terminating her, the contention fails. The Court concurs with the Magistrate Judge Plaintiff has failed to establish any genuine issue of material fact as to any actual malice by Defendant or its representatives in its statements to the DOE. Thus, the Court will overrule Plaintiff's fourth objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 14th day of June, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE